IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID L. SHAW, #689847 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv532 |
| UNKNOWN TAYLOR, Chaplain. | § | |

ORDER OF DISMISSAL

Plaintiff David L. Shaw, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. Mr. Shaw filed a motion requesting to proceed *in forma pauperis* in this case. (Dkt. #2). The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #7) concluding that the motion to proceed *in forma pauperis* should be denied and the case should be dismissed for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). Mr. Shaw has filed objections (Dkt. #12).

Facts of the Case

The complaint was filed on September 18, 2017. Mr. Shaw initially complains that Chaplain Taylor denied inmates access to religious services, religious showers, and religious items such as Qu'rans, prayer rugs and homemade beads.

Report and Recommendation

Judge Love found that Mr. Shaw's motions to proceed *in forma pauperis* should be denied pursuant to 28 U.S.C. § 1915(g) (Dkt. #7). Court records reveal that Mr. Shaw has a history of filing frivolous lawsuits. The following cases and appeals were dismissed as frivolous or for failure

to state a claim upon which relief may be granted before the present lawsuit was filed: *Shaw v. Texas Dep't of Crim. Justice*, Civil Action No. 1:10cv52 (W.D.Tex. June 10, 2010); *Shaw v. NFN Phillips, Captain*, Civil Action No. 2:10cv028 (N.D. Tex. Apr. 15, 2011); *Shaw v. Norman, et al.*, Civil Action No. 6:07cv443 (E.D. Tex. Apr. 28, 2008); *Shaw v. Norman, et al.*, No. 09-40665 (5th Cir. Sept. 1, 2010); and *Shaw v. Dr. Stuttfield*, Civil Action No. 2:10cv027 (N.D. Tex. Mar. 2, 2011). Since the dismissal of those cases, one case has been pursuant to the "three strikes" provisions of § 1915(g): *Shaw v. Texas. Dep't of Crim. Justice System & Employees, et al.*, Civil Action No. 2:09cv245 (N.D. Tex. July 11, 2011).

Congress decided to end the practice by inmates of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. An inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The provision was designed to stop the type of abusive litigious practices being employed by inmates such as Mr. Shaw. He has had more than three lawsuits dismissed as frivolous prior to the filing of the present lawsuit. He has exceeded the limit permitted by Congress.

Based on the allegations in his complaint, Judge Love found that Mr. Shaw was not under imminent danger of serious physical harm at the time he filed his lawsuit.

Judge Love found that Mr. Shaw had more than five lawsuits dismissed as frivolous prior to the filing of the present lawsuit. He further found that Mr. Shaw's complaints that Chaplain Taylor denied inmates access to religious services, religious showers, and religious items such as Qu'rans, prayer rugs and homemade beads do not give rise to an inference that he was under

2

imminent danger of serious physical injury at the time he filed his lawsuit. Judge Love concluded that Mr. Shaw's motions to proceed *in forma pauperis* should be denied pursuant to § 1915(g).

Objections

Mr. Shaw has filed objections. Mr. Shaw asserts his life is in danger and is entitled to proceed *in forma pauperis* because:(1) he was denied his constitutional right to practice his religion (2) he was layed-in on the [November] 8th to mail off another writ but the ladies of the unit law library told him to get out because it was count time, (3) Officer Mota wrote him a false disciplinary while at the infirmary after leaving the unit law library, (4) when he went to 1-Building to complain, he was called a "snitch", a "bitch" and accused of wearing a wire by those ladies, (5) then at his session, he was called the exact same names again which had him "crying and praying, which is the norm for [him]," (6) Mr. Shaw's cellmate was locked up for possession of a cell phone two days later, and (7) on the following Monday, Mr. Shaw was moved off of 8-Building, where he had lived forever. Mr. Shaw also complains that when he went to mail off his Objections to the Report and Recommendation, Officer Smith told him to get out and to get another officer to come in here "with" you. Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Although, Mr. Shaw asserts that he has been verbally abused by prison officials and written a false disciplinary case, the dispositive factor with respect to the exception to § 1915(g) is whether Mr. Shaw was "under imminent danger of serious physical injury" at the time he filed the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). This Court has observed that "in order to meet the imminent danger requirement of § 1915(g), the threat must be 'real and proximate,'" *Barker v. Oliver*, No. 9:12cv108, 2012 WL 4977777, at *3 (E.D. Tex. Sept. 18, 2012) (citations

3

omitted). "[V]ague and conclusory allegations of imminent danger are insufficient to trigger the exceptions to § 1915(g)," and the "mere recitation of the phrase 'imminent danger' or 'my life is in danger' does not invoke the exception to Section 1915(g)." *McClure v. Livingston*, No. 5:12cv256, 2012 WL 5987408, at *2 (E.D. Tex. Nov. 29, 2012). "[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Texas Medical Branch*, No. 6:16cv436, 2016 WL 3267346 at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted.)

Even though Mr. Shaw asserts that his life is in danger, this Court has previously held that "the mere recitation of the phrase 'imminent danger' or 'my life is in danger' does not invoke the exception to § 1915(g)." *McClure v. Langley,* civil action no. 5:11 cv208, 2012 WL 1900012 (E.D.Tex., May 24, 2012). Mr. Shaw offers nothing more than the mere recitation of the phrase "imminent danger," entirely lacking in any specific facts to show that he is in imminent danger of serious physical injury as of the time of the filing of the complaint, and thus has failed to invoke the exception to 28 U.S.C. § 1915(g). Mr. Shaw's objections lack merit.

## Conclusion

Congress enacted § 1915(g) to end the practice by inmates of repeatedly filing frivolous lawsuits. Mr. Shaw had at least five strikes at the time he filed the present lawsuit. He has exceeded the limit allowed by Congress. He has not shown that the exception to § 1915(g) applies; thus, he is not entitled to proceed *in forma pauperis*. Mr. Shaw's motion to proceed with this lawsuit *in forma pauperis* should be denied.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Shaw to the Report, the Court is of

the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Shaw's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g).

Mr. Shaw may resume his lawsuit if he pays the entire filing fee of $400 within thirty days after the entry of the final judgment. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Jan 25, 2018**

_____
Ron Clark, United States District Judge